IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMAR BURKS,<br>TDCJ-CID NO. 1011723,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE DENISE COLLINS, et al.,<br><br>Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-12-2152 |

**MEMORANDUM OPINION AND ORDER**

Lamar Burks, a convicted felon incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a complaint pursuant to 42 U.S.C. § 1983 against Judge Denise Collins, Harris County District Attorney Patricia Lykos, and Texas Attorney General Greg Abbott. Burks contends that his due process rights were violated when the State refused to recuse Judge Collins during the pendency of his appeal. After reviewing the pleadings, the court has determined that this action should be dismissed as legally baseless.

### I.   Background Information and Claims

Burks is serving a 70-year sentence in TDCJ-CID pursuant to a murder conviction. State v. Burks, No. 843968 (208th Dist. Ct., Harris County, Tex., Oct. 27, 2000); see TDCJ-CID Website, http://offender.tdcj.state.tx.us. Burks appealed the judgment,

which was affirmed by the Court of Appeals for the Fourth District of Texas. Burks v. State, No. 4-01-041-CR, 2002 WL 1758292 (Tex. App. - San Antonio, July 31, 2002). No petition for discretionary review was filed.

Burks, who was represented by counsel, filed a state application for a writ of habeas corpus on October 14, 2003. Ex parte Burks, No. 72,881-03. Several amended applications were later filed. Among the claims presented in Burks' post-conviction challenge was his contention that his trial attorney was ineffective for failing to present two witnesses who would have testified that Burks was not at the scene of the crime at the time of the murder. See Burks v. Thaler, No. H-10-3435 (S.D. Tex. July 25, 2011) (§ 2254 proceeding) (Docket Entry No. 36, at 9). Burks also contended that he had "newly discovered evidence" of his actual innocence and included affidavits from several witnesses, including the two his trial attorney allegedly failed to call. Id. After conducting an evidentiary hearing, the state district court made written findings of fact and conclusions of law and recommended that relief be denied. Among the trial court's findings were conclusions that the witnesses were "'not credible, not persuasive, and carrie[d] no evidentiary value.'" Id. at 18. On September 8, 2010, the Texas Court of Criminal Appeals denied relief without a written order based on the trial court's findings. Ex parte Burks, No. 72,881-03 (Tex. Crim. App.).

On May 18, 2010, Burks filed a federal petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas. The district court, the Honorable Ewing Werlein, Jr. presiding, dismissed the petition pursuant to Burks' motion for voluntary dismissal. Burks v. Thaler, No. H-10-1809 (S.D. Tex. June 27, 2011).

Burks had moved for dismissal of No. H-10-1809 because he had filed a subsequent federal habeas petition challenging the same murder conviction. Burks v. Thaler, No. H-10-3435 (S.D. Tex. filed Sept. 23, 2010). The respondent filed a motion for summary judgment supported by the state court records. The district court, the Honorable Kenneth Hoyt presiding, granted the motion and dismissed the petition on July 25, 2011. In so doing, the court found that Burks had failed to show that the state habeas court's decision to deny relief was objectively unreasonable. No. H-10-3435 (Docket Entry No. 36).

The civil rights complaint filed by Burks in this action alleges that Judge Collins, the trial judge who also made the findings of fact and conclusions of law in the state post-conviction habeas proceeding, was under FBI investigation for federal civil rights violations relating to Burks' conviction (Docket Entry No. 1, at 4). This allegation is based on a letter that Burks had sent to the FBI (Docket Entry No. 1-1, at 58). Burks further alleges that District Attorney Lykos and Attorney General Abbott assisted in concealing the investigation by failing

to report Judge Collins to the authorities. Burks contends that he does not seek immediate release. Instead, he claims that he is challenging the constitutionality of the Texas statutes on recusal "as they have been construed by the Texas courts" (Docket Entry No. 1 at 4). However, he seeks an injunction removing Collins from the case and ordering the State to hold a habeas hearing before an impartial judge.

## II. Analysis

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of a criminal conviction and has not shown that the conviction has been overturned. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Burks seeks federal court intervention in state court proceedings. Heck applies to applications for injunctive relief in which the applicant seeks a hearing that would affect the legality of his incarceration. Shaw v. Harris, 116 F.App'x. 499, 500 (5th Cir. 2004), citing Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002) (overruled on other grounds by Skinner v. Switzer, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011)). In addition, the well-established doctrine set out in Younger v. Harris, 91 S.Ct. 746, 750-51 (1971), prohibits federal courts from interfering in state criminal proceedings unless extraordinary circumstances are present. "This doctrine, alternately called abstention or nonintervention, is based on considerations of equity, comity, and federalism." DeSpain v. Johnston, 731 F.2d 1171, 1175-76 (5th Cir. 1984), citing Younger.

A writ of habeas corpus is the proper remedy for a state inmate challenging the fact of his confinement. Preiser v. Rodriguez, 93 S.Ct. 1827, 1833 (1973). Burks' claim that the trial judge should recuse herself challenges the validity of his conviction and must be pursued in a habeas corpus proceeding. See, e.g., Wesbrook v. Thaler, 585 F.3d 245, 256-59 (5th Cir. 2009).

Burks' request to remove Judge Collins from his case is rendered moot by the finality of his conviction, which has been appealed and affirmed. His post-conviction habeas corpus applications have been reviewed by both the state and federal courts. He cannot continue to file habeas applications challenging the same conviction. See Tex. Code Crim. Proc. Art 11.07 § 4 (bar against successive state habeas corpus applications); 28 U.S.C. § 2244(b) (bar against successive federal habeas corpus applications).

Since Burks is a prisoner and has filed an Application to Proceed In Forma Pauperis, this court must dismiss this civil rights action if it is frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Burks' Complaint has no merit and, therefore, is frivolous. This action will be dismissed as frivolous.

### III. Application to Proceed In Forma Pauperis

Burks' Application to Proceed In Forma Pauperis (Docket Entry No. 2) shall be granted. Under the provisions of the Prison

Litigation Reform Act, Burks shall be ordered to pay an initial partial filing fee of $20.00. 28 U.S.C. § 1915((b)(1)(A). Thereafter, Burks shall pay the remainder of the entire filing fee ($330.00) as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ Inmate Trust Fund shall withdraw the initial partial filing fee from Burks' inmate trust account and will deduct 20% of each deposit made to the account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

## IV. Conclusion

It is, therefore, **ORDERED** as follows:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**, and Burks shall pay the fee in accordance with the terms of this Memorandum Opinion and Order.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from Burks' inmate trust account and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order, until the entire filing fee ($350.00) has been paid.

3. The Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1), filed by Inmate Lamar Burks, TDCJ-CID No. 1011723, is **DISMISSED with prejudice** because it is frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629,

Huntsville, Texas 77342-0629; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2012.

```
                              _____
                                     SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```